■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR WARD, Appellant.—Judgment, Supreme Court, New York County (George Bundy Smith, J., at suppression hearing; Thomas Galligan, J., at jury trial and sentence), rendered October 26, 1983, convicting defendant of robbery in the second degree and sentencing him, as a predicate felon, to an indeterminate prison term of from 4½ to 9 years, unanimously affirmed.

The defendant and Jerome Bellinger robbed a man at the Circus Theatre in the Times Square area. The theatre's manager and his brother had obtained the defendant's description from the victim and relayed the information to police officers patroling the area, who apprehended defendant and his cohort on a nearby street. After arresting the defendant, but before *Miranda* rights were given, the police officers asked the defendant if a brown attaché case on the ground belonged to him. The defendant answered affirmatively. At the police precinct, and after *Miranda* rights had been given, the defendant stated that he purchased the attaché case for $10 in the street.

Defendant contends that since neither the theatre manager nor his brother witnessed the robbery, no probable cause existed for the officers to arrest him. It is also argued that the introduction into evidence of the defendant's second statement to the police officers violated his constitutional rights because it mirrored a previous statement made before *Miranda* rights were given.

We find that probable cause existed, and that the statement used at trial was knowingly and voluntarily made.

Probable cause to effect an arrest requires information which would lead a reasonable person under the circumstances to conclude that a crime had been committed. *(People v McRay,* 51 NY2d 594.) Here, the facts prove that the information supplied to the police officers warranted the defendant's arrest. This is especially true since the informant was identified and had the requisite indicia of reliability. *(See, People v Moore,* 32 NY2d 67, 71.) Moreover, the second statement was not the product of prior continuous interrogation. *(People v Chapple,* 38 NY2d 112.) Concur—Milonas, J. P., Ellerin, Wallach and Rubin, JJ.